UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANN WORTHINGTON
    Plaintiff,

vs.

Case No: 11 CV 223

GOLDEN OAKS APARTMENTS, and
HOUSING AUTHORITY OF SOUTH BEND,
an Indiana municipal housing authority,
    Defendants.

## COMPLAINT FOR JURY TRIAL

### Introduction

1. This is a civil action seeking damages and equitable relief to prevent the eviction of Plaintiff Ann Worthington (Ms. Worthington). She asserts that the threatened eviction violates, *inter alia*, the Fair Housing Act, 42 U.S. C. §3601, et seq. and implementing rules; Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 et seq. and implementing rules; the Rehabilitation Act, 29 U.S. §794 and implementing rules; the Fourteenth Amendment to the Constitution of the United States, together with specified provisions of Indiana law. She seeks reasonable attorney fees.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States. Ms.

1

Worthington invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367 in pleading state law claims.

3.  Venue is proper in the Northern District of Indiana, South Bend Division, because the events alleged occurred principally in St. Joseph County, IN.

## Parties

4.  Ms. Worthington is an older adult with only Social Security income. She has limitations to major life activities as a result of arthritis and auto-immune disease, and she is under the care of a physician. For 18 years she has leased an apartment owned by Golden Oaks Apartments (Golden Oaks) as a tenant under the Section 8 public housing voucher program. Golden Oaks has refused to renew her Section 8 and has demanded that she vacate her apartment by May 31, 2011. A second demand by Golden Oaks's attorney, made after Ms. Worthington obtained a lawyer, extended the demand that she vacate through June 29 if she would pay an additional month's rent. Because of her limitations and her limited income, Ms. Worthington has few other housing options apart from Golden Oaks, where she wants to remain living.

5.  Golden Oaks is an apartment complex, located at 5150 Hamlin, South Bend, IN 46637 and rents an apartment to Ms. Worthington. It receives federal financial assistance through payments under the Section 8 program. It is a public accommodation.

6.  Defendant Housing Authority of South Bend (HASB) is a public housing authority established under authority of I. C. 36-7-18-1 et seq.

(a) I.C 36-7-18-5 (a) provides, "In a city, the fiscal body shall promptly notify the city executive of the adoption of the resolution. The executive shall then appoint seven (7) persons, one (1) of whom must be a resident of a housing project under the jurisdiction of the housing authority, no more than four (4) of whom may be of the same political party, as commissioners of the housing authority."

(b) HASB is a recipient of federal financial assistance from the United States Housing and Urban Development (HUD) and a recipient of other public financial assistance. It is a public service within the meaning of Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 et seq. It is a person acting under color of law within the meaning of 42 U.S.C. § 1983.

7. On information and belief, HASB administers the Section 8 program in which Ms. Worthington participates for residents in St. Joseph County. A Section 8 counselor employed by HASB has informed Ms. Worthington that, as a result of Golden Oaks's threat to evict her, she may lose under Section 8 benefits. The counselor has advised her to vacate her present apartment to transfer her Section 8 voucher to another Section 8 landlord. Ms. Worthington has informed the counselor that she does not want to move.

Facts

A. The Section 8 Program

8. Section 8 of the United States Housing Act of 1937, as amended in 1974 (42 U.S.C.A. § 1437f), establishes the housing assistance payments program

3

commonly referred to as the Section 8 program, which provides for various types of assisted housing.

9. The purpose of the Section 8 program is to aid lower income families in obtaining a decent place to live and to promote economically mixed housing (42 U.S.C.A. § 1437f(a)). In order to qualify for the Section 8 new construction program, a prospective tenant must have an income within the Department of Housing and Urban Development's (HUD's) specified limits set forth at 24 CFR Parts 812 and 889. The owner of the housing project is responsible for determining whether the applicant is eligible (24 CFR 880.603(b)). Once accepted for the program, the tenant leases an assisted unit, paying the project owner "tenant rent," which is set at an amount between 15 percent and 25 percent of the tenant's income. HUD pays the balance of the total rent, or "contract rent," for the assisted unit by making monthly payments, known as "housing assistance payments," directly to the project owner (24 CFR 880.101(b), (c)).

10. The project owner is responsible for reexamining the tenant's income at least once each year, verifying the information provided by the tenant, and making any necessary adjustments in the tenant's rent payment to correspond with any changes in the tenant's income (24 CFR 880.603(d)).[FN3] In discussing the applicable statutory provisions and regulations pertaining to the issuance of termination notices to tenants receiving Section 8 benefits under 42 U.S.C.A. § 1437f, the courts, in cases involving leases entered into prior to October 1, 1981, have held or implied that the housing authority, not the landlord, had to give

notice, although the landlord had the right to make representation to the housing authority for termination of the tenancy.

## Ms. Worthington's Case

11. Because of her limitations and her limited income, Ms. Worthington has few other housing options apart from Golden Oaks, where she wants to remain living.

12. Golden Oaks demanded that Ms. Worthington move after Golden Oaks blamed her for complaining about lack of heat in her building and criticized her for speaking to other tenants about this and other problems. The absence of heat exacerbates her arthritis. The complaints brought out code enforcement and Section 8 inspectors.

13. A Golden Oaks employee stated to an HASB Section 8 employee that Ms. Worthington had caused the complex to be inspected and the complex had encountered difficulties because of the inspection. The employee made the statement to the HASB employee when the employee inquired about the reasons Golden Oaks was refusing to renew Ms. Worthington's lease.

14. A Golden Oaks employee stated, following Golden Oaks's refusal to renew Ms. Worthington's lease, that Ms. Worthington "gossips" among tenants about building conditions and services in the apartment complex.

15. Golden Oaks's refusal to renew her lease, after her 18 years of residence, and its demand that she vacate her apartment are acts by Golden Oaks intended to retaliate against her, intimidate her, and harass her because of Golden Oaks's perception about her complaints concerning building conditions and services in

the apartment complex. In so doing Golden Oaks has acted intentionally, deliberately and maliciously to injure Ms. Worthington.

16. The matters of which she complained are the injuries and loss she suffered as a result of building conditions and services in the apartment complex. The injuries matters of which she complained are directly related to her arthritis and auto-immune disease.

## Incorporation of Allegations

17. Ms. Worthington incorporates the preceding paragraphs 1-16 into the following paragraph 18 and into each of the following Causes of Action. She further states, and incorporates into each of the following claims, her allegations that, as a direct and proximate result of Golden Oaks's and HASB's actions and failure to act, she suffered injuries and damages for which she is entitled to compensation. These injuries include, but are not limited to, inadequate heat and worry, stress and anxiety from

## Equity

18. The threatened eviction presents the threat of immediate and irreparable harm to Ms. Worthington in that she will be evicted from her home; she is a person with low income; and she will find it very difficult to secure alternate housing. If forced to move, she may be otherwise put at physical and emotional risk. She has no adequate remedy at law to compensate for the losses and injuries she may suffer.

Causes of Action

19. As a First Claim, against Golden Oaks, Ms. Worthington states that the threatened eviction by Golden Oaks violates the Fair Housing Act, 42 U.S.C. §3604(f) and implementing rules, in that:

   (a) She is an otherwise qualified individual with a handicap renting real property leased to her by Golden Oaks;

   (b) Golden Oaks's purported reasons for threatening to evict her are illegal or pretextual, and only a cover for discrimination against her as an individual with a handicap;

   (c) Golden Oaks discriminated against her on the basis of her handicap by failing to provide adequate heat sufficient to prevent exacerbation of her arthritis in her residence;

   (d) Golden Oaks discriminated against her on the basis of her handicap by retaliating against her because Golden Oaks perceived that she had complained about injuries and loss she suffered as a result of building conditions and services in the apartment complex. The injuries matters of which she complained are directly related to her arthritis and auto-immune disease.

20. As a Second Claim, against Golden Oaks, Ms. Worthington states that the threatened eviction by Golden Oaks violates the Rehabilitation Act, 29 U.S.C. §794 and implementing rules, in that:

   (a) Golden Oaks is a recipient of federal financial assistance and she is an otherwise qualified individual with a disability;

(b) Golden Oaks's purported reasons for threatening to evict her are illegal or pretextual, and only a cover for discrimination against her as an individual with a disability;

(c) Golden Oaks discriminated against her solely on the basis of her disability by failing to provide adequate heat sufficient to prevent exacerbation of her arthritis in her residence;

(d) Golden Oaks discriminated against her solely on the basis of her disability by retaliating against her because Golden Oaks perceived that she had complained about injuries and loss she suffered as a result of building conditions and services in the apartment complex. The injuries matters of which she complained are directly related to her arthritis and auto-immune disease.

21. As a Third Claim, against Golden Oaks, Ms. Worthington states that the threatened eviction by Golden Oaks violates Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. and implementing rules, in that:

(a) Golden Oaks is a public accommodation and she is an otherwise qualified person with a disability and

(b) Golden Oaks's purported reasons for threatening to evict her are illegal or pretextual, and only a cover for discrimination against her as an individual with a disability;

(c) Golden Oaks discriminated against her on the basis of her disability by failing to provide adequate heat sufficient to prevent exacerbation of her arthritis in her residence;

8

 (d) Golden Oaks discriminated against her on the basis of her disability by retaliating against her because Golden Oaks perceived that she had complained about injuries and loss she suffered as a result of building conditions and services in the apartment complex. The injuries matters of which she complained are directly related to her arthritis and auto-immune disease.

22. As a Fourth Claim, against Golden Oak, under Indiana law, Ms. Worthington states that Golden Oaks, as her landlord, failed to provide her with a habitable apartment in compliance with federal, state, and local law.

23. As a Fifth Claim, against HASB. Ms. Worthington states:

 (a) HASB is public service under Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 et seq and implementing rules;

 (b) HASB discriminated against her on the basis of her disability by threatening to terminate her eligibility for Section 8 benefits and by requiring her to move under the circumstances described in paragraphs 1-22 preceding.

24. As a Sixth Claim, against HASB, Ms. Worthington states:

 (a) HASB is a recipient of federal financial assistance under 29 U.S.C. §794 and implementing rules in that it receives HUD funds to administer the Section 8 program in St. Joseph County;

 (b) HASB discriminated against her on the basis of her disability by threatening to terminate her eligibility for Section 8 benefits and by requiring her to move under the circumstances described in paragraphs 1-23 preceding.

25. As a Seventh Claim, against HASB, Ms. Worthington states:

    (a) HASB is a person acting with intent under color of law;

    (b) HASB violated her rights to due process and equal protection of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States through 42 U.S.C. §1983, by threatening to terminate her eligibility for Section 8 benefits and by requiring her to move under the circumstances described in paragraphs 1-24 preceding.

26. As an Eighth Claim, against HASB, Ms. Worthington, incorporates paragraphs 1-25 preceding and alleges, under Indiana law, that HASB has violated her right to due course of law under Article I, §23 of the Constitution of Indiana by threatening to terminate her eligibility for Section 8 benefits and by requiring her to move under the circumstances described in paragraphs 1-25 preceding.

27. As a Ninth Claim, against both Golden Oaks and HASB, Ms. Worthington incorporates paragraphs 1-26 preceding and alleges, that there is an actual controversy between the parties concerning their rights and responsibilities requiring a declaratory judgment by this Court under 28 U.S.C. §2201(a) and Fed. R. Civ. Proc. 57.

### Jury Demand

28. Ms. Worthington demand trial by jury on any issue so triable.

### Relief

Ms. Worthington requests, on each of the foregoing claims, and for each violation established within each claim:

 A. Trial by jury on any issue so triable;

 B. Compensatory damages of at least $10,000 on each of the foregoing claims, and for each violation established within each claim;

 C. Exemplary damages of at least $10,000 on each of the foregoing claims, if not otherwise barred by law, and for each violation established within each claim if not otherwise barred by law;

 D. A declaratory judgment setting forth the rights and responsibilities of the parties;

 E. Upon motion, preliminary and permanent injunctions:

  (1) preventing Golden Oaks from evicting Ms. Worthington;

  (2) preventing HASB from terminating Ms. Worthington's eligibility for Section 8 benefits.

  (3) requiring HASB to cease advising Section 8 recipients that their benefits will be terminated if their landlords have only made allegations that the recipients should be evicted before any court has ordered eviction.

  (4) establishing a method by which Ms. Worthington may have her rent payments placed in escrow during the pendency of this case.

 F. A determination by the Court, including issuance of a writ of quo warranto, to determine if HASB is operating legally with a proper board of commissioners as required by state law.

 G. An award of actual, reasonable attorney fees.

 H. Such other relief as may be appropriate in the circumstances.

Respectfully submitted,

INDIANA LEGAL SERVICES, INC.
Attorney for Plaintiff

/s/ Kent Hull

Kent Hull, Attorney No.: 8580-71
401 E. Colfax Avenue, Suite 116
South Bend, IN  46617
(574) 234-8121