UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANN WORTHINGTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:11-CV-223 RM |
| | ) |
| GOLDEN OAKS APARTMENTS and HOUSING AUTHORITY OF SOUTH BEND, | ) |
| | ) |
| Defendants | ) |

OPINION and ORDER

This cause comes before the court on a motion to dismiss filed by Golden Oak Village Limited Partnership, a motion to dismiss filed by the Housing Authority of South Bend, Ms. Worthington's motion to strike the Housing Authority's reply brief, and her motion to convert the Housing Authority's motion to dismiss to one for summary judgment. The motions are all ripe for review.

FACTS

Ann Worthington's complaint is based on her claim that she has been threatened with eviction from the apartment she has leased at Golden Oak Village for the past eighteen years, an apartment where she wants to remain. According to Ms. Worthington, she "is an older adult with only Social Security income," "has limitations to major life activities as a result of arthritis and auto-immune disease," "is under the care of a physician," Compl., ¶ 4, and is "an otherwise

qualified individual" with a handicap and/or a disability, Compl., ¶¶ 19, 20, 21. Ms. Worthington says that based on her complaints about the lack of heat in her building (which she claims exacerbates her arthritis), code enforcement and Section 8 inspectors inspected the complex, "and the complex . . . encountered difficulties because of the inspection." Compl., ¶¶ 12-13. Ms. Worthington claims Golden Oak blamed her for the inspection and criticized her for speaking to other tenants about problems at the complex.

Ms. Worthington alleges that after the inspection, Golden Oak refused to renew her lease and demanded that she vacate her apartment, which amounted to harassment, discrimination, and retaliation on the basis of her disability, and the Housing Authority threatened to terminate her eligibility for Section 8 benefits and advised her to transfer her Section 8 voucher to another Section 8 landlord, all in violation of the Fair Housing Act, 42 U.S.C. § 3604(f) and implementing rules, the Rehabilitation Act, 29 U.S.C. § 794 and implementing rules, Titles II and III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and implementing rules, the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, Article I, § 23 of the Indiana Constitution, and Indiana law. She seeks compensatory and exemplary damages, attorney fees, a declaratory judgment "setting forth the rights and responsibilities of the parties," an injunction preventing Golden Oaks from evicting her and the Housing Authority from terminating her eligibility for Section 8 benefits, and a determination by the court as to whether the Housing Authority

"is operating legally with a proper board of commissioners as required by state law."

PROCEDURAL MOTIONS

As an initial matter, the court recognizes that the Housing Authority's motion to file its reply brief *instanter* has been granted and that before that ruling was issued Ms. Worthington filed a motion to strike the late filing, but because the court finds that the Housing Authority demonstrated good cause for the late filing of its brief, the court denies Ms. Worthington's motion to strike. Ms. Worthington also has filed a motion to convert the Housing Authority's motion to dismiss to one for summary judgment. Even though the court can consider additional documents when faced with a jurisdictional argument, *see* Casey v. Guthrie, No. 09-CV-951, 2010 WL 1657387, at *1 n.4 (S.D. Ill. Apr. 22, 2010) ("it is well-settled that a court may look outside the complaint and consider other evidence when ruling on a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(1)"), reliance on the documents attached to the Housing Authority's reply brief isn't needed to decide the motion to dismiss, so the court denies Ms. Worthington's request that the court convert that motion to one for summary judgment.

HOUSING AUTHORITY'S MOTION TO DISMISS

The Housing Authority has moved to dismiss Ms. Worthington's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because, the Housing Authority says, Ms. Worthington's claims aren't ripe, she lacks standing to bring her claims, and she's presented no actual controversy that would warrant a declaratory judgment. The Housing Authority also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Ms. Worthington hasn't properly alleged facts showing that she suffers from a disability, that the Housing Authority knew of the alleged disability, or that the Housing Authority intentionally discriminated against her based on her disability, and the complaint doesn't contain any supporting facts relating to how her due process rights were violated.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. The court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff," yet, if necessary, may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) (internal quotations and citation omitted). A federal court must assure itself that it has jurisdiction over the subject matter of a case before it can proceed to take any action on the merits. *See* Warth v. Seldin, 422 U.S. 490, 498 (1975) ("[T]he threshold question in every federal case [is]

determining the power of the court to entertain the suit."); Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006) ("At issue in a Rule 12(b)(1) motion is the court's very power to hear the case."). The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sprint Spectrum, L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). A court must dismiss an action without reaching the merits if it concludes there is no jurisdiction. Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993).

*Ripeness*

The existence of a case and controversy is a prerequisite for the exercise of federal judicial power under Article III. "One important element of the 'case' or 'controversy' is satisfying the ripeness doctrine, which determines when a party may go to court." Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1002 (7th Cir. 2004) (citation omitted). The prudential concern underlying ripeness "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967). Deciding whether a claim is ripe requires the court "'to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" Texas v. United States, 523 U.S. 296, 300-301 (1998) (*quoting* Abbott Labs. v. Gardner, 387 F.3d 136, 149 (1967)). "A claim is not ripe for adjudication if it rests upon 'contingent future events that

5

may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States, 523 U.S. at 300 (*quoting* Thomas v. Union Carbide Agricultural Prods. Co., 473 U.S. 568, 580-581 (1985)); *see also* Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."); Hinrichs v. Whitburn, 975 F.2d 1329, 1333 (7th Cir. 1992) ("Cases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts."). "Ripeness is, essentially, a question of timing." Sprint Spectrum v. City of Carmel, 361 F.3d at 1002.

Ms. Worthington argues that her claims against the Housing Authority meet these ripeness criteria: she says her allegations are explicit and not abstract, and the hardship she will suffer "is self-evident" from her complaint. Ms. Worthington says the notice she received from the Housing Authority – informing her that if Golden Oak Village evicts her, she will lose her Section 8 benefits unless she relocates to another Section 8 tenancy – constitutes a threat by the Housing Authority to terminate her Section 8 benefits "for no reason other than the Golden Oak threatened eviction." Resp., at 3. She explains that she wants to remain in her apartment and has few other housing options available to her. Ms. Worthington maintains the Housing Authority's ripeness challenge "ignores the reality of [her] situation. She is an impoverished older adult with disabilities

6

threatened with loss of her Section 8 benefits. Withholding judicial review of [the Housing Authority's] unequivocal action risks imposing hardship on this vulnerable plaintiff." Resp., at 4.

The Housing Authority explains that HUD regulations govern all actions relating to the termination of Section 8 benefits, *see* 24 C.F.R. § 982.552, and provide that before Ms. Worthington's benefits could be terminated, she would be given an opportunity for an informal hearing, *see* 24 C.F.R. § 982.555. The Housing Authority notes Ms. Worthington's Section 8 benefits haven't been terminated and no termination proceedings have been instituted. The Housing Authority explains further that its contract to provide Section 8 benefits runs with the lease: "when a Section 8 participant's lease ends, so does the Housing Authority's contract to pay Section 8 benefits. 24 C.F.R. § 982.451(a)(2) ("The term of the [Housing Assistance Payment or "HAP"] contract is the same as the term of the lease.")." Deft. Br., at 7. *See also* 24 C.F.R. § 982.311(a) ("Housing assistance payments are paid to the owner in accordance with the terms of the [housing assistance payment] contract. Housing assistance may only be paid to the owner during the lease term, and while the family is residing in the unit."). The Housing Authority says Ms. Worthington hasn't been denied Section 8 benefits or been terminated from the program, and adds that even if Golden Oak evicts her, she could continue to receive Section 8 benefits if she meets the requirements and other obligations of the program, *see, e.g.,* 24 C.F.R. § 982.1; 24 C.F.R. § 982.551, and complies with the program's process for moving, *see* 24 C.F.R. § 982.314.

7

Ms. Worthington was living in her Golden Oak Village apartment when she filed her complaint. She hasn't alleged or argued that the Housing Authority has stopped making any Section 8 payments on her behalf, has denied her any benefits to which she is entitled, has initiated proceedings to terminate her eligibility for Section 8 benefits, or is responsible for Golden Oak's threat to evict her. The allegations of the complaint and Ms. Worthington's arguments in response to the motion to dismiss establish that her claims relate to future action the Housing Authority might or might not take contingent upon "threatened action" that Golden Oak might or might not take. Ms. Worthington hasn't alleged that the Housing Authority has had or will have any involvement in Golden Oak's decision to renew or not renew her lease. And while Ms. Worthington labels the Housing Authority's notice to her as a "threat" to withdraw her Section 8 benefits, the Housing Authority insists that the notice was intended to advise her about how to continue receiving Section 8 benefits if her lease at Golden Oak is terminated. *See* Housing Auth. Memo., at 8 ("Such a response is consistent with the Housing Authority's legal obligation to pay benefits under a valid lease.").

The court is sympathetic to Ms. Worthington's situation, but her claims against the Housing Authority are premature. Her dispute with the Housing Authority hasn't "matured to a point that warrants decision," Giger v. Ahmann, No. 09-CV-4060, 2010 WL 2491025, at *3 (N.D. Ill. June 15, 2010): the relevant issues aren't "sufficiently focused so as to permit judicial resolution without further factual development," Triple G Landfills, Inc. v. Board of Commissioners

of Franklin County, Ind., 977 F.2d 287, 289 (7th Cir. 1992), so the parties won't suffer any hardship by postponement of judicial action. Because "there is no substantial controversy between the parties of any immediacy or reality [and there are] insufficient facts to permit the court to resolve the hypothetical dispute," Hinton v. United States, No. 09-C-6920, 2011 WL 1838724, at *3 (N.D. Ill. May 12, 2011), Ms. Worthington's claims aren't ripe for adjudication, and the Housing Authority is entitled to have her claims against it dismissed.[1]

MOTION TO DISMISS OF GOLDEN OAK APARTMENTS

The Golden Oak Village Limited Partnership moves to dismiss Ms. Worthington's claims under the Fair Housing Act, the Rehabilitation Act, and Title III of the Americans with Disabilities Act for failure to state a claim, Fed. R. Civ. P. 12(b)(6), and as not in compliance with the pleading requirements of Federal Rule of Civil Procedure 8(a).

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. When deciding a Rule 12(b)(6) motion, the court must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff without engaging in fact-finding. Reger Dev., LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010); In re Consolidated Indus., 360 F.3d 712,

---

[1] Because the ripeness issue is dispositive, the court needn't address the Housing Authority's remaining grounds for dismissal.

717 (7th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Under the pleading standard of Rule 8(a), a complaint needn't contain "detailed factual allegations," but the allegations of the complaint "must be enough to raise a right to relief above the speculative level" and give the defendant fair notice of the claims being asserted and the grounds upon which they rest. Bell Atl. v. Twombly, 550 U.S. at 555; *see also* Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) ("First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.").

*Sufficiency of Disability Claims*

Ms. Worthington alleges in her complaint that she is a "qualified individual with a handicap" and a "qualified individual with a disability," who "has limitations to major life activities as a result of arthritis and auto-immune

10

disease." Compl., ¶¶ 4, 19, 20, and 21. Golden Oak maintains that those allegations fail to allege a disability with sufficient particularity to state a claim under the Fair Housing Act, the Rehabilitation Act, or the Americans with Disabilities Act. In reliance on decisions from various courts that have granted motions to dismiss where the limiting major life activity wasn't specified, Golden Oak argues that Ms. Worthington's claims against it should be dismissed.

Recognizing that disagreement exists as to the amount of detail necessary to allege a disability claim, the court concludes that the allegations of Ms. Worthington's complaint are sufficient to put Golden Oak on notice of her claims. To prevail, Ms. Worthington must ultimately establish that her condition meets the statutory definition of disability and/or handicap and that she is substantially limited in a recognized major life activity, but she needn't do so at this stage of the proceedings. *Compare* E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 854 (6th Cir. 2001) ("[S]o long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading."); Menkowitz v. Pottstown Memorial Med. Ctr., 154 F.3d 113, 118 n.2 (3d Cir. 1998) ("Appellant in his complaint states that his disability is 'a disorder recognized as a disability under the' ADA and the Rehabilitation Act. We find this allegation, which we must accept as true, sufficient to meet the notice pleading requirements of Fed.R.Civ.P. 8 with respect to his disability."); Hughes v. Colorado Dep't of Corrections, 594 F. Supp. 2d 1226, 1240 (D.Colo. 2009) ("Hughes identifies an impairment of which the State defendants were allegedly

11

aware and alleges that such impairment constitutes a disability under the ADA. . . . At the pleading stage, . . . Hughes' allegation regarding disability is sufficient."); Sheets v. CTS Wireless Components, Inc., 213 F. Supp. 2d 1279, 1282 (D.N.M. 2002) ("[A]n ADA plaintiff need only accuse the defendant of discrimination on the basis of a particular impairment."); Davis v. Central Can Co., No. 05-C-1563, 2006 WL 2255895, at *2 (N.D. Ill. Aug. 4, 2006) ("plaintiff has not identified any major life activity that is substantially restricted by his alleged condition and is not required to do so in the initial pleading stage"); *with* Jackson v. Northwestern Univ. School of Law, No. 10-C-1986, 2010 WL 5174389, at *3 (N.D. Ill. Dec. 15, 2010) (dismissing complaint where "[plaintiff] does not plead what her disability is or how it substantially limits one or more major life activities. She simply makes the conclusory statement that it does.") Parisi v. Coca-Cola Bottling Co. of New York, 995 F. Supp. 298, 302 (E.D.N.Y. 1998) (dismissing complaint that didn't allege that "any of plaintiff's major life activities are impaired as a consequence of his knee injury"); Fedor v. Illinois Dep't of Employment Security, 955 F. Supp. 891, 893 (N.D. Ill. 1996) (dismissing complaint because plaintiff didn't state "that his impairment substantially limits a major life activity such as working, which he must do to plead disability discrimination under the ADA"); Buckley v. Consolidated Edison Co. of New York, Inc., 908 F. Supp. 217, 219 (S.D.N.Y. 1995) (dismissing complaint that "failed to allege, except in a conclusory manner, that a 'neurogenic bladder' is a disability under the ADA, i.e., a physical or mental impairment that substantially limits one

or more of his major life activities"). The court will deny Golden Oak's motion to dismiss on this ground.

*Fair Housing Act Claims*

Golden Oak says its notice to Ms. Worthington that it doesn't want to renew her lease isn't sufficient to state a claim under the Fair Housing Act, so her claims should be dismissed. According to the facts set forth by the parties in connection with the motion to dismiss, Ms. Worthington hasn't vacated her apartment and Golden Oak hasn't taken any further action on the eviction process. Golden Oak claims that an action like Ms. Worthington's for post-acquisition conduct must involve conduct that "effectively drives a person from their home," citing Jones v. South Bend Housing Authority, No. 3:08-CV-596, 2009 WL 1657466 (N.D. Ind. June 10, 2009), and because Ms. Worthington hasn't been evicted, she doesn't have a claim under the FHA. The court can't agree.

The amendments to the Fair Housing Act prohibit discrimination in housing on the basis of disability, 42 U.S.C. § 3604(f), and make it unlawful

> (1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of – (A) that buyer or renter, [and]
>
> (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of – (A) that person.

42 U.S.C. § 3604(f)(1)-(2). In addition, Sections 3604(a) and (b) have been interpreted as prohibiting discriminatory evictions, and "attempted discriminatory evictions can violate § 3617's prohibition against interference with § 3604 rights." Bloch v. Frischholz, 587 F.3d 771, 782 (7th Cir. 2009).

Ms. Worthington alleges in her complaint that because of her complaints about the lack of heat in her building and the resulting inspection at the apartment complex, Golden Oak "has refused to renew her Section 8 and has demanded that she vacate her apartment." Compl., ¶ 4. Ms. Worthington alleges further that Golden Oak's purported reasons for threatening to evict her are "a cover for discrimination against her as an individual with a handicap" and were taken in retaliation for her complaints about injuries and losses she suffered that are directly related to her handicap and that resulted from building conditions and services at the apartment complex. That Ms. Worthington hasn't vacated her apartment doesn't defeat her ability to proceed on her claims under the Fair Housing Act. *See* Bloch v. Frischholz, 587 F.3d 771, 782 (7th Cir. 2009) ("HUD's regulations confirm that § 3617 can, in appropriate circumstances, apply to post-acquisition discrimination that does not result in eviction."). Golden Oak's motion to dismiss on this ground will be denied.

*Rehabilitation Act Claims*

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, prohibits a recipient of federal funds from discriminating against an otherwise qualified

14

individual with a disability solely because of the disability. Grzan v. Charter Hosp. of Northwest Indiana, 104 F.3d 116, 119 (7th Cir. 1997). Section 504 provides, in relevant part, that

> [n]o otherwise qualified individual with a disability in the United States, . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a). To state a claim under Section 504 of the Rehabilitation Act, a plaintiff must allege that (1) she is a disabled individual under the Act, (2) she is otherwise qualified for the benefit sought, (3) the program in question receives federal financial assistance, and (4) she was discriminated against solely because of her disability. Mallett v. Wisconsin Div. of Vocational Rehabilitation, 130 F.3d 1245, 1257 (7th Cir. 1997); Grzan v. Charter Hosp. of Northwest Indiana, 104 F.3d 116, 119 (7th Cir. 1997).

Golden Oak moves to dismiss Ms. Worthington's Rehabilitation Act claims under the third element because, Golden Oak says, it doesn't receive any federal financial assistance. Golden Oak says that Ms. Worthington is mistaken in her claim that Golden Oak receives federal funding under the Section 8 program, citing to Echemendia v. Gene B. Glick Mgmt. Corp., 199 Fed. Appx. 544, 546 (7th Cir. 2006); Laramore v. Ritchie Realty Mgmt. Co., 397 F.3d 544, 545 (7th Cir. 2005); and Knapp v. Eagle Property Mgmt. Corp., 54 F.3d 1272, 1277 (7th Cir. 1995), cases noting that even though Section 8 rent moneys go to the property owner, the tenant is the actual recipient of the federal assistance. Golden Oak also

cites to Grzan v. Charter Hosp. of Northwest Ind., 104 F.3d 116 (7th Cir. 1997), in which the court stated that "[t]he coverage of the Rehabilitation Act does not follow federal aid past the intended recipient to those who merely derive a benefit from the aid or receive compensation for services rendered pursuant to a contractual arrangement." 104 F.3d at 120 (*quoting* Gallagher v. Croghan Colonial Bank, 89 F.3d 275, 278 (6th Cir. 1996)).

In response, Ms. Worthington notes additional support for Golden Oak's position that wasn't cited by Golden Oak in its motion to dismiss, *i.e.,* language in the definition of "recipient" in HUD regulations implementing Section 504 of the Rehabilitation Act, which provides, in pertinent part, that

> An entity or person receiving housing assistance payments from a recipient on behalf of eligible families under a housing assistance payments program or a voucher program is not a recipient or subrecipient merely by virtue of receipt of such payments.

24 C.F.R. § 8.3.[2] Ms. Worthington argues further, however, that § 8.3 is invalid because it conflicts with a rule issued by the Department of Justice, found at 28 C.F.R. § 35.130. Ms. Worthington says she intends to amend her complaint to "add the Secretary of HUD as a defendant so that the Secretary may defend the HUD rule" and asks the court "to defer its ruling on this point and allow her to raise the issue after the Secretary appears." Resp., at 5.

---

[2] Too, the official web site of the U.S. Department of Housing and Urban Development includes a section of "Frequently Asked Questions" relating to Section 504. In answer to the question, "Who are recipients of federal financial assistance?" the site references "24 CFR 8.3" and offers, in part, the following response: "[A] private landlord who accepts Section 8 tenant-based vouchers in payment for rent from a low income individual is not a recipient of federal financial assistance." *See* http://www.hud.gov/offices/fheo/disabilities/sect504faq.cfm.

16

Golden Oak challenges Ms. Worthington's argument, noting that as part of a regulation (28 C.F.R. pt. 35) entitled, "Nondiscrimination on the Basis of Disability in State and Local Government Services," Section 35.130 sets forth general prohibitions against disability discrimination by a public entity. Golden Oak insists that that section has no applicability here because the apartment complex isn't a public entity and doesn't provide government services.

Ms. Worthington has stated generally that 28 C.F.R. § 35.130 invalidates 24 C.F.R. § 8.3, but has offered nothing more than the language of Section 35.130 to support her claim. Case law, together with the language of 24 C.F.R. § 8.3, shows that Golden Oak isn't a recipient of federal financial assistance. Ms. Worthington isn't entitled to the relief she seeks under the Rehabilitation Act, so Golden's Oak's motion to dismiss those claims will be granted.

*Claims under Title III of ADA*

Golden Oak contends Ms. Worthington can't maintain her claims under Title III of the ADA, 42 U.S.C. § 12182(a), because, as an apartment complex, Golden Oak isn't a place of public accommodation under the ADA. Most courts addressing the issue agree that residential apartment complexes aren't places of "public accommodation" under the statute. *See, e.g.,* Lancaster v. Phillips Inv., LLC, 482 F. Supp. 2d 1362, 1366 (M.D. Ala. 2007) ("Title III of the ADA does not apply to residential facilities."); Independent Housing Servs. of San Francisco v. Fillmore Ctr. Assocs., 840 F. Supp. 1328, 1344 (N.D. Cal. 1993) ("apartments and

17

condominiums do not constitute public accommodations with the meaning of the [ADA]"); Torrence v. Advanced Home Care, Inc., No. 08-CV-2821, 2009 WL 1444448, at *5 (N.D. Ill. May 21, 2009) (noting that "the legislative history of the ADA indicates that residential apartment buildings are not places of public accommodation" (*citing* H.R. Rep. No. 101-485(II), at 100 (1990) ("Only nonresidential facilities are covered by this title.")); Phibbs v. American Prop. Mgmt, No. 2:02-CV-260, 2008 WL 746977, at *3 (D. Utah Mar.19, 2008) ("a residential apartment complex and its assigned parking is not a place of public accommodation as contemplated by the [ADA]"); Mabson v. Association of Apartment Owners of Maui, No. 06-235, 2007 WL 2363349, at *10 (D. Haw. Aug. 13, 2007) ("Purely residential dwellings, such as apartments and condominiums, are not included within the definition of public accommodation under Title III of the ADA."). Although courts have recognized that an apartment complex's "sales center" that is open to the public might qualify as a "public accommodation" under the ADA, *see* Salp v. NHI Partnership, Ltd., 199 F. Supp. 2d 578, 583 (N.D. Tex. 2002); Baltimore Neighborhoods, Inc. v. LOB, Inc., 92 F. Supp. 2d 456, 461-462 (D.Md. 2000), Ms. Worthington's allegations clearly relate to her access to her apartment, not to the sales office or model apartment(s) at Golden Oak Village. Thus, the allegations of the complaint are insufficient to put Golden Oak on notice of any claim Ms. Worthington might be trying to assert relating to her access or

lack of access to public areas of the apartment complex,[3] and Golden Oak's motion to dismiss Ms. Worthington's Title III claims must be granted. *See* <u>Braggs v. Keith Realty Midtown/Corporate Overseer</u>, No. 10-58, 2010 WL 2985591, at *6 (S.D. Ala. July 19, 2010) ("Because Plaintiff's allegations of ADA violations in this case relate to the lease of his apartment (a residential facility) . . . , his complaint fails to state a claim under Title III of the ADA.").

CONCLUSION

Based on the foregoing, the court

(1) DENIES Ms. Worthington's motion to strike the Housing Authority's reply brief [docket # 22];

(2) DENIES Ms. Worthington's motion to convert the Housing Authority's motion to dismiss into one for summary judgment [docket # 23];

(3) GRANTS the Housing Authority's motion to dismiss [docket # 13]; and

(4) GRANTS IN PART and DENIES IN PART the motion of Golden Oak Apartments to dismiss [docket # 9] as follows:

---

[3] Ms. Worthington argues for the first time in her response brief that "[i]f Golden Oak evicts [her], she will be denied access to such open public accommodations" at the apartment complex, but she can't amend her complaint in response to a motion to dismiss. <u>Burks v. Wisconsin Dept. of Transp.</u>, 464 F.3d 744, 758 n.15 (7th Cir. 2006).

19

(a) the motion is DENIED with respect to Ms. Worthington's claims of a disability/handicap and her claims under the Fair Housing Act, and

(b) the motion is GRANTED with respect to Ms. Worthington's claims under the Rehabilitation Act and Title III of the Americans with Disabilities Act.

SO ORDERED.

ENTERED:   October 4, 2011

            /s/ Robert L. Miller, Jr.
           Judge, United States District Court